The Court having determined that it would not repeal any rule submitted by the Judicial Qualifications Commission, this case is now deemed to be final.
RULES OF THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION
Pursuant to the provisions of Article V, Section 12 of the Florida Constitution, as amended 1976, the following Rules are hereby adopted by the Judicial Qualifications Commission.
FLORIDA JUDICIAL QUALIFICATIONS COMMISSION RULES
RULE 1. SCOPE AND TITLE
These rules apply to all proceedings before the Judicial Qualifications Commission involving the discipline, retirement or removal of justices of the Supreme Court, and judges of the District Courts of Appeal, Circuit Courts, and County Courts pursuant to Article V, Section 12 of the Constitution of the State of Florida, as amended, and removal or disqualification of members of the Commission. These rules shall be known as Florida Judicial Qualifications Commission Rules and may be abbreviated as “FJQCR”.
RULE 2. DEFINITIONS AND VOTE
(a) In these rules, unless the context or subject matter otherwise requires:
(1) “Commission” means the Judicial Qualifications Commission.
(2) “Judge” means a justice of the Supreme Court and a judge of the District Court of Appeal, Circuit Court and County Court.
(3) “Chairman” includes the acting chairman.
(4) “General Counsel” means any member of The Florida Bar designated by the Commission to serve as legal ad-visor to the Commission, and to perform such other duties as authorized by the Commission.
(5) “Counsel” means any member(s) of The Florida Bar designated by the Commission to gather and present evidence before the Commission with respect to the charges against a judge and to represent the Commission in all proceedings, including investigations.
(6) “Shall” is mandatory and “may” is permissive.
(7) “Mail” and “mailed” include ordinary mail and personal delivery.
(8) The masculine gender includes the feminine gender.
(9) “Member” means a member of the Commission.
(b) Vote required:
(1) Unless otherwise provided in these rules, Commission action shall be by a majority vote of the members present and voting.
(2) A finding of probable cause against a judge or recommendation of suspension of a judge shall be by an affirmative vote of not less than seven (7) members.
(3) A finding that a judge is guilty shall be by an affirmative vote of not less than nine (9) members.
*1117 (4) The recommendation of discipline following a finding of guilty shall be by an affirmative vote of not less than
nine (9) members. (5) The removal of a member of the Commission shall be by an affirmative vote of not less than seven (7) members.
RULE 3. MEMBERSHIP AND JURISDICTION
(a) The membership of the Commission shall be as prescribed in Article Y, Section 12 of the Constitution of the State of Florida and for such term as prescribed by general law. When a judge ceases to be a judge of the court from which he was appointed or whenever any member becomes otherwise ineligible to hold office, his membership on the Commission shall terminate. The Chairman shall promptly notify the appointing authority of the vacancy. In the event of a vacancy the Commission shall appoint a temporary replacement from the same category until such time as the appointing authority shall duly certify to the Commission a replacement for the remainder of the term.
(b) The Commission shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or hearing, including the power to compel the attendance of witnesses, to take or to cause to be taken the deposition of witnesses, to order the production of books, records or other documentary evidence, and the power of contempt. In any matter within the jurisdiction of the Commission requiring the appearance of any person before the Commission or any member, any member shall have the power to issue subpoenas and to administer oaths and affirmations to such persons.
RULE 4. OFFICERS OF COMMISSION
The Commission shall elect a Chairman and a Vice-Chairman, each of whom shall serve for a term of two years. The Vice-Chairman shall act as the chairman of the Commission in the absence of the Chairman. The Commission may appoint an executive director and a General Counsel,
RULE 5. QUORUM OF COMMISSION
A quorum for the transaction of business by the Commission shali be seven members except as otherwise provided in these rules,
RULE 6. COMPLAINT AND INVESTIGATION
(a) The Commission, upon receiving factual information, not obviously unfounded or frivolous, or an individual complaint made under oath, indicating that a judge is guilty of willful or persistent failure to perform his duties, or conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office, or that he has a disability seriously interfering with the performance of his duties, which is, or is likely to become, permanent in nature, may make an investigation to determine whether formal charges should be instituted.
(b) The judge has no right to be present or to be heard during an investigation, but before the Commission determines that there is probable cause to initiate formal charges, the judge shall be notified of the investigation, the general nature of the subject matter of the investigation, and shall be afforded reasonable opportunity to make a statement before the Commission, personally or by his attorney(s), verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct or disability. The judge shall not have the right to present other testimony or evidence, and he shall not have the right of confrontation or cross-examination of any person interviewed, called or interrogated by the Commission. Such notification shall be given personally or by registered or certified mail addressed to the judge at his chambers or, if returned undelivered, at his last known residence.
(c) The Commission shall have the right to require a judge to meet with it on an informal basis in reference to matters that relate to his judicial duties.
*1118 (d) When a judge has received a notice of investigation, notice to appear before the Commission, or requested such notification, if the investigation does not disclose probable cause to warrant further proceedings, the judge shall promptly be so notified.
(e) The Commission shall have access to all information from all executive, legislative and judicial agencies, including grand juries. At any time, on request of the Speaker of the House of Representatives or the Governor, the Commission shall make available all information in possession of the Commission for use in consideration of impeachment or suspension, respectively.
RULE 7. FORMAL CHARGES — PROCEEDINGS
(a) If the Commission finds probable cause that formal charges should be filed against the judge, it shall designate one or more Counsel who shall prepare appropriate papers and pleadings, gather and present evidence before the Commission with respect to the charges against the judge, and otherwise act as counsel in connection with the prosecution of the charges against the judge, including the representation of the Commission in connection with any Commission or judicial proceedings. It shall direct Counsel to cause to be served on the judge a copy of Notice of Formal Charges. Such proceedings shall be entitled:
“BEFORE THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION”
“Inquiry Concerning a Judge, No. _
(b) The notice shall be issued in the name of the Commission and specify in ordinary and concise language the charges against the judge and allege essential facts upon which such charges are based, and shall advise the judge of his right to file a written answer to the charges against him within 20 days after service of the notice upon him.
(c) Service shall be made personally or by registered or certified mail addressed to the judge at his chambers or, if returned undelivered, at his last known residence.
(d)After formal charges have been instituted, any notice or other material shall be mailed to the judge at his residence address or to his attorney(s).
RULE 8. SUSPENSION OF JUDGE
Subsequent to the filing of the notice of investigation, or upon or after the filing of the Notice of Formal Charges, the Commission may, in its discretion, issue its order directed to the judge ordering him to show cause before the Commission why the Commission should not recommend to the Supreme Court that he be suspended from office, either with compensation or without compensation, while the inquiry is pending. The order to show cause shall be returnable before the Commission at a designated place and at a time certain, at which place and time the Commission shall consider the question of suspension. Thereafter, the Commission, not less than seven (7) members concurring, may recommend to the Supreme Court that the judge be suspended from performing the duties of his office either with or without compensation, pending final determination of the inquiry. If the Commission recommends suspension, such recommendation shall have incorporated therein a record of the proceedings of the Commission in relation to the recommendation.
RULE 9. ANSWER AND MOTIONS
(a) Within 20 days after service of the Notice of Formal Charges, the judge may file an Answer. If the judge desires that all hearings be held in the county of his residence, he shall so demand in writing at the time of filing his initial answer.
(b) There shall be a motion Committee with the power to dispose of all pre-trial motions. Such Committee shall be composed of the Chairman and two judges appointed by the Chairman. The Committee’s disposition shall be subject to review at the Commission’s next ensuing meeting.
*1119 RULE 10. FILING
(a) Upon the filing of the Notice of Formal Charges against a judge with the Clerk of the Supreme Court of Florida, the Notice of Formal Charges and all subsequent proceedings before the Commission shall be public.
(b) The original of all pleadings subsequent to the Notice of Formal Charges shall be filed with the Clerk of the Supreme Court of Florida, which office is designated by the Commission for receiving, docketing, filing and making such records available for public inspection. A duplicate original of all pleadings filed in the proceedings shall be served on each party, with a copy to the Commission office.
RULE 11. SETTING FOR HEARING
After the filing of an Answer or the expiration of the time for its filing, the Commission shall set a time and a place for a hearing and shall give notice of such hearing at least 20 days prior to the date set. If the judge timely requests that hearing^) be held in the county of his residence, it shall be so held unless the Commission, by an affirmative vote of at least nine (9) members, determines otherwise.
RULE 12. PROCEDURE
(a) In all formal proceedings, the Florida Rules of Civil Procedure shall be applicable except as otherwise provided.
(b) Counsel shall, upon written demand of a party or counsel of record, promptly furnish the following:
The names and addresses of all witnesses whose testimony the Counsel expects to offer at the hearing, together with copies of all written statements and transcripts of testimony of such witnesses in the possession of the Counsel or the Commission which are relevant to the subject matter of the hearing and which have not previously been furnished. When good cause is shown this rule may be waived.
RULE 13. HEARING
At the time and place set for hearing, the Commission may proceed with the hearing whether or not the judge has filed an Answer or appears at the hearing.
RULE 14. DISABILITY
Upon receiving information that a judge is suffering a possible physical or mental disability which seriously interferes with the performance of his judicial duties, the Commission, upon the vote of nine members, may order the judge to submit to a physical and/or mental examination. If the judge fails to submit to such examination within the time ordered, the Commission may recommend to the Supreme Court that the judge be suspended without compensation until such time as the judge complies with the Commission’s order.
RULE 15. EVIDENCE
At a hearing before the Commission, legal evidence only shall be received and oral evidence shall be taken only on oath or affirmation.
RULE 16. PROCEDURAL RIGHTS OF JUDGE
(a) A judge shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by attorney(s), and to examine and cross-examine witnesses. He shall also have the right to the issuance of subpoenas for attendance of witnesses to testify or produce books, papers, and other evidentiary matter.
(b) When a transcript of the trial testimony has been prepared at the expense of the Commission, a copy thereof shall be furnished without cost to the judge. The judge shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings transcribed at his expense.
(c) If the judge is adjudicated incompetent, the Commission shall appoint an attorney ad litem unless the judge has a guardian who will represent him. The guardian *1120 or attorney ad litem may claim and exercise any right and privilege and make any defense for the judge with the same force and effect as if claimed, exercised, or made by the judge, if competent, and whenever these rules provide for the serving or giving notice or sending any matter to the judge, a copy of such notice or matter also shall be served, given or sent to the guardian or attorney ad litem.
RULE 17. AMENDMENTS TO NOTICE OR ANSWER
The Commission may in the interest of justice allow or require amendments to the Notice of Formal Charges and may allow amendments to the Answer. In case such amendment is made, the judge shall be given reasonable time both to answer the amendment and to prepare and present his defense against the matters charged thereby.
RULE 18. EXTENSION OF TIME
The Chairman of the Commission may extend the time for filing an Answer or for the commencement of a hearing before the Commission.
RULE 19. HEARING ADDITIONAL EVIDENCE
The Commission may order a hearing for the taking of additional evidence at any time while a matter is pending before it. The order shall set the time and place of the hearing and shall indicate matters on which the evidence is to be taken. A copy of such order shall be sent by mail at least 10 days prior to the date of the hearing.
RULE 20. COMMISSION VOTE
After conclusion of the hearing and consideration of the issues presented for decision, the Commission shall first determine by vote the judge’s guilt or innocence of the formal charges. If the Commission determines by an affirmative vote of not less than nine members that the judge is guilty of one or more of the charges so specified, it shall then proceed to determine the discipline to be recommended. Failure to recommend the imposition of a penalty by the affirmative vote of not less than nine members shall constitute a dismissal of the proceedings.
RULE 21. CERTIFICATION OF COMMISSION RECOMMENDATIONS TO SUPREME COURT
Upon dismissal by the Commission of the formal charges, the Commission shall promptly file a copy of the dismissal order certified by the Chairman, General Counsel or executive director of the Commission in the office of the Clerk of the Supreme Court of Florida. Upon making a determination recommending discipline, retirement, or removal of a judge, the Commission shall promptly file a copy of the recommendation certified by the Chairman, General Counsel or executive director of the Commission, together with a transcript and the findings and conclusions, with the Clerk of the Supreme Court and shall promptly mail to the judge and to his attorney(s) notice of such filing, together with a copy of such recommendations, findings, and conclusions.
RULE 22. REVIEW OF COMMISSION PROCEEDINGS
To the extent necessary to implement this rule, the Florida Appellate Rules shall be applicable to reviews of Commission proceedings by the Supreme Court. (Fla.App. Rule 9.520)
RULE 23. SUBPOENAS
Subpoenas for the attendance of witnesses and the production of documentary evidence in any proceedings shall be issued as follows:
(a) Judicial Qualifications Commission. Subpoenas for the attendance of witnesses and the production of documentary evidence for discovery, and for the appearance of any person before the Commission or any member, may be issued by any mem *1121 ber or the General Counsel of the Commission, and be served in the manner provided by law for the service of witness subpoenas in a civil action.
(b)Contempt. Any person who, without adequate excuse, fails to obey such a subpoena served upon him may be cited for contempt of the Commission in the manner provided in these rules.
RULE 24. CONFIDENTIALITY OF PROCEEDINGS
(a) Until formal charges against a judge are filed by the Commission with the Clerk of the Supreme Court of Florida, all proceedings by or before the Commission shall be confidential. Upon a finding of probable cause and the filing by the Commission with said Clerk of such formal charges against a judge, such charges and all further proceedings before the Commission shall be public.
(b) All notices, papers and pleadings mailed to a judge prior to formal charges being instituted shall be enclosed in a cover marked “confidential”.
(c) Every witness in every proceeding under these Rules shall be sworn to tell the truth and not to disclose the existence of the proceeding, subject matter or the identity of the judge until the proceeding is no longer confidential under these Rules. Violation of this oath shall be an act of contempt of the Commission.
(d) Violation of these Rules by a member of the Commission shall subject him after written notice and hearing, to removal from office by an affirmative vote of seven (7) members of the Commission and shall constitute contempt of the Commission which may be enforced by appropriate proceedings in the Supreme Court of Florida.
RULE 25. INTERESTED PARTY
A judge who is a member of the Commission or of the Supreme Court shall be disqualified from participation in such capacity in any proceedings involving his own discipline, retirement or removal.
RULE 26. DISQUALIFICATION OF MEMBERS OF THE COMMISSION
(a) Whenever a judge against whom formal proceedings have been instituted, as provided in these Rules, shall make and file with the Commission an affidavit that he fears he will not receive a fair hearing before the Judicial Qualifications Commission on the charges because of the prejudice of one or more members of the Commission against him, and the facts stated as the basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not of kin to the judge or his attorney, or if any member of the Commission shall voluntarily recuse himself, such member or members of the Commission shall proceed no further therein and shall be disqualified from hearing said charges. Such affidavit shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the member(s) of the Commission allegedly prejudiced, and shall be filed not more than 15 days after service of the Notice of Formal Charges upon the judge charged. The Commission shall make ad hoc appointments of a person or persons to take the place of the member or members of the Commission so disqualified, but each member so disqualified may participate in the action of the Commission in making such ad hoc appointments. Each ad hoc appointee shall be from the same category as the disqualified member(s) set forth in Section 12(a) of Article V of the Constitution of the State of Florida. The judge may within 15 days after receiving notice of any ad hoc appointment, file a like affidavit as to said appointee which shall be supported in substance by affidavit of two citizens as set forth above, in which event said ad hoc appointee shall not be disqualified on account of alleged prejudice against said judge unless said appointee admits that it is then a fact that he is prejudiced against said judge, or unless a majority of the *1122 Commission, which may include any ad hoc appointee, holds that said appointee is prejudiced against the judge; in which event the same ad hoc appointment procedure set forth above shall be followed until a qualified person has been appointed.
(b) A judge moved against by the Commission may, by affidavit, suggest the disqualification of a member or members of the Commission unsupported by two citizens, but in such event the determination of the matter of disqualification shall be by majority vote of the Commission unless the person sought to be disqualified voluntarily recuses himself.
RULE 27. CONTEMPT
Should any witness fail, without justification, to respond to the lawful subpoena of the Commission or, having responded, fail or refuse to answer all inquiries or to turn over evidence that has been lawfully subpoenaed, or should any person be guilty of disorderly or contemptuous conduct before any proceeding of the Commission, a motion may be filed in the name of the Commission before the Circuit Court of the County in which the contemptuous act was committed, alleging the specific failure on the part of the witness or the specific disorderly or contemptuous act of the person which forms the basis of an alleged contempt of the Commission. Such motion shall pray for the issuance of an order to show cause before the Circuit Court why the Circuit Court should not find him in contempt of the Commission and he should not be punished by the Court therefor. The Circuit Court shall issue such orders and judgments therein as the Court deems appropriate.
I hereby certify that the foregoing Rules numbered 1 through 27 were duly adopted by the Florida Judicial Qualifications Commission in session at Tampa, Florida, on the 18th day of May, 1984.
/s/ Mark Hulsey MARK HULSEY, Chairman